# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**TERRELLE D. OLIVER,**
    **Plaintiff,**

  v.                                                         Case No. 20-C-1069

**CATHY JESS, et al.,**
    **Defendants.**

---

## DECISION AND ORDER

Plaintiff Terrelle D. Oliver, a Wisconsin prisoner representing himself, filed this action under 42 U.S.C. § 1983 against employees of the Wisconsin Department of Corrections. He alleges that he was subjected to unconstitutional conditions of confinement. In prior orders, I screened the complaint under 28 U.S.C. § 1915A and dismissed certain claims and defendants. But I allowed the plaintiff to proceed on claims against seven defendants based on their alleged failure to provide him with a sanitized mattress and their allegedly exposing him to black mold. I ordered the seven defendants to respond to the complaint.

They responded by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). They contend that, as part of a settlement in a different federal case, *Terrelle Oliver v. Gregory Friedel et al.*, E.D. Wis. Case No. 19-C-43, the plaintiff entered into a settlement agreement in which he released all claims against the State of Wisconsin, the Department of Corrections, and their employees and agents based on events that occurred before April 9, 2021. The claims at issue in the present case occurred between August and October of 2019, and thus the defendants contend that the plaintiff has released them from liability.

In seeking dismissal based on the release, the defendants have raised an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). However, the affirmative defense of release ordinarily may not be raised in a motion under Rule 12(b)(6), for the problem being raised is not that the complaint fails to state a claim, but that the plaintiff signed a release waiving his right to make the claim. *See United States v. Rogers Cartage Co.*, 794 F.3d 854, 860 (7th Cir. 2015). The correct way to obtain dismissal based on a release is to raise the affirmative defense and then move for judgment on the pleadings under Rule 12(c). *Id.* However, a party's failure to use the correct procedure is harmless when all the facts necessary to rule on the affirmative defense are properly before the district court on the motion to dismiss. *See ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 745 (7th Cir. 2017). Here, all the necessary facts are properly before me. The plaintiff filed the settlement agreement with the court in Case No. 19-C-43 (*see* ECF No. 73-1 in that case), and I may take judicial notice of court filings when deciding a motion to dismiss under Rule 12(b)(6). *See, e.g., White v. Keely*, 814 F.3d 883, 885 n.2 (7th Cir. 2016). Other than the settlement agreement, the parties have not relied on materials outside the complaint. Thus, I will consider the defendants' request to enforce the release even though they raised this issue through the wrong procedural vehicle.

The settlement agreement was entered into by the plaintiff, the State of Wisconsin, the Wisconsin Department of Corrections ("DOC"), and all employees of those entities. It provides that, in exchange for a payment of $5,000, the plaintiff agrees to dismiss with prejudice Eastern District of Wisconsin Case No. 19-C-43. The settlement agreement contains a section entitled "Release of Claims," which provides in relevant part as follows:

2

> In exchange for the consideration listed above, Plaintiff releases and forever discharges the State, the DOC, and their officers, agents, employees, successors, personal representatives, and insurers (the "Released Parties") from any and all manner of action or actions (including cause or causes of action, suits, debts, covenants, agreements, liabilities, rights, damages, costs, claims of interest, awards of attorney fees, claims and demands of every kind and nature whatsoever, in law or equity, whether based on State of Federal law), that relate to any action or inaction—of any State of Wisconsin or DOC employee—that took place on any date before this Agreement is fully executed.

*See* Settlement Agreement, § 3. In addition, the agreement contains a section entitled "Covenant Not To Sue," which states, among other things, that the plaintiff promises not to sue any of the Released Parties in connection with a claim related to an action or inaction "of any State of Wisconsin or DOC employee" that took place "on any date before this Agreement is fully executed." *Id.* § 4. However, the plaintiff reserved his rights to challenge "any future acts of any DOC or other State employee." *Id.* § 5. The final sentence of the agreement states conspicuously that "THIS RELEASE AND SETTLEMENT AGREEMENT HAS BEEN READ AND UNDERSTOOD BY THE UNDERSIGNED BEFORE SIGNING." *Id.* § 10. The plaintiff signed the agreement immediately below this sentence, and his signature was notarized on April 9, 2021. The state signed the agreement that same day, and thus the agreement was fully executed on April 9, 2021.

In deciding whether the release bars the plaintiff's current claims, I apply Wisconsin contract law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014). Under Wisconsin law, when the language of a settlement agreement is clear on its face, a court must assume that the language represents the parties' intent and must apply it as written. *See United States v. Ettrick Wood Products, Inc.*, 916 F.2d 1211, 1219 (1990) (applying Wisconsin law). Here, the language is clear: the release applies to "any and all

manner of actions," which is defined broadly to include "claims and demands of every kind and nature whatsoever," that relates to any action or inaction of "any State of Wisconsin or DOC employee" that "took place on any date before" the agreement was fully executed (which was April 9, 2021). In the present case, the plaintiff brings an action against State of Wisconsin and DOC employees arising out of events that occurred between August and October of 2019, which was a period before the agreement was fully executed. Thus, the present lawsuit falls squarely within the scope of the release and is barred.

The plaintiff has filed letters with the court in both this case and Case No. 19-C-43 in which he claims that attorneys for the state are trying to "pull a fast one" by using the release from the settlement agreement in Case No. 19-C-43 to achieve dismissal of the present case. However, the plaintiff fails to recognize that the settlement agreement he signed in that case contains a release that plainly applies to any lawsuit against DOC employees that is based on events that occurred before April 9, 2021. The plaintiff seems to think the release must be limited to the lawsuit for which it was negotiated, but "[m]any a release covers all disputes between the same parties, not just the dispute already in court." *Horia v. Nationwide Credit & Collection, Inc.*, 944 F.3d 970 (7th Cir. 2019). The state was within its rights to ask the plaintiff to sign such a broad release. The plaintiff was not compelled to sign it; he could have refused to settle unless the release was narrowed to apply only to Case No. 19-C-43. But he did not do so, and the broad release became enforceable on April 9, 2021.

I understand that the plaintiff is pro se and did not have an attorney review the settlement agreement before he signed it. But a court has no authority to relieve an

4

unrepresented party from the consequences of a contract he signed unless one of the usual grounds for setting aside a contract (such as fraud, mutual mistake, or duress) is shown. The plaintiff has not argued that the settlement agreement could be set aside on any such ground. Although the plaintiff's reference to "pulling a fast one" could be construed as an argument that the agreement should be set aside based on fraud, he has not pointed to facts suggesting that the agreement could be rescinded for fraud. To rescind based on fraud, the plaintiff would have to demonstrate that the settlement agreement was procured through a material misrepresentation upon which he was justified in relying. *See Archdiocese of Milwaukee*, 743 F.3d at 1105. But the plaintiff does not point to any material misrepresentation. Moreover, the settlement agreement itself states in plain and easy-to-understand terms that the release encompasses claims based on any action or inaction of the State or the DOC that took place before the agreement was executed. In light of the plaintiff's submissions in this case and others that he has filed in this court, I know he is able to read and can understand basic legal principles. Had the plaintiff read the settlement agreement carefully before signing it, he would have realized that the release applied to more than just Case No. 19-C-43. Because the settlement agreement is so clear, the plaintiff could not have justifiably relied on any representations that arguably contradicted the agreement's terms. Therefore, the release, which applies to the claims raised in this suit, must be enforced.

Accordingly, **IT IS ORDERED** that the defendants' motion to dismiss is **GRANTED**. The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2021.

s/Lynn Adelman_____
LYNN ADELMAN
United States District Judge